Mr. Swann, for appellee.

## Case No. 14,127.

### TRACY v. TORREY et al.

[2 Blatchf. 275.] [1]

Circuit Court, N. D. New York.  Aug. 12, 1851.

PATENTS — INFRINGEMENT — PROVISIONAL INJUNCTION — WHEN NOT STAYED.

1. Where a patentee of an improvement in cultivators claimed in his patent "the arrangement of the teeth in two rows, in combination with a pair of wheels the treads of which are in a line midway between the points of the two rows of teeth, substantially as described," and, in his specification, described the nature of his invention as consisting in the arrangement of the teeth in two rows, one back and the other front, when this was combined with a pair of sustaining and carrying wheels the bearing points of which were in a line midway between the two rows of teeth, so that any tendency which one row of teeth might have to cut too deep, was resisted by the weight of earth on the other row, the tread of the wheels between them acting as the fulcrum, so that the team, by this means, was entirely relieved of any strain which they otherwise would have to sustain in consequence of the motion of the beam up and down as the teeth ran too deep or too shallow, and stated that by that arrangement the necessity for guiding handles and the employment of four wheels were entirely dispensed with, and also described the teeth, as seven in number, arranged in two straight rows, three teeth in one row and four in the other, the points of the three teeth being in front of the line of the wheels, and the points of the four teeth being behind the line of the wheels: Held, that a cultivator which differed from that described in the patent only in having the axle of the wheels thrown forward and the hind teeth thrown backward so far that the tread of the wheels was not midway between the points of the two rows of teeth, (which increased the leverage behind and reduced the strain on the horses still more than in the plaintiff's arrangement,) and in having the middle tooth of the forward three moved forward, and the two middle teeth of the four behind also moved forward, so that the two rows were not straight, infringed the patented combination; that the infringing machine contained the principle and substance of the patented invention, merely carrying it out further in practice than had been done by the patentee when he took out his patent; and that the infringing arrangement was not in law even an improvement on that of the patentee, because it was only the result of practical experience in the use of the patentee's arrangement, and involved no inven-

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

tion beyond what was embodied in that and was clearly set forth in the specification.

[Cited in McWilliams Manuf'g Co. v. Blundell, 11 Fed. 422; Consolidated Roller-Mill Co. v. Coombs, 39 Fed. 804.]

2. Another machine which differed from the former infringing machine in having the middle tooth of the forward three set back instead of forward, thus bringing the points of two teeth forward of the wheels and the points of five teeth behind the wheels, infringed the patented combination.

In equity. This was an application for a provisional injunction to restrain the infringement of a patent. The plaintiff [Samuel R. Tracy] was grantee of the exclusive right for Yates county, N. Y., under letters patent [No. 4,459], granted to Nathan Ide, of Shelby, Orleans county, N. Y., on the 18th of April, 1846, for an "improvement in cultivators." In his specification, the patentee described his cultivator as having but two wheels, and set forth the nature of his invention as follows: "The nature of my invention consists in the arrangement of the cultivator teeth in two rows, one back and the other front, when this is combined with a pair of sustaining and carrying wheels the bearing points of which are in a line midway between the two rows of teeth, so that any tendency which one row of teeth may have to cut too deep is resisted by the weight of earth on the other row, the tread of the wheels between them acting as the fulcrum, so that the team, by this means, is entirely relieved of any strain which they otherwise would have to sustain in consequence of the motion of the beam up and down as the teeth run too deep or too shallow. By this arrangement, the necessity for guiding-handles, or the employment of four wheels, is entirely dispensed with. In all the cultivators heretofore used with which I am acquainted, when two wheels only have been used, the attendant must guide the instrument by means of the handles, which is a very laborious operation, without avoiding the strain on the team by the tendency of the teeth to run in or out of the earth; and, when three or four wheels are employed, to avoid this strain and relieve the attendant of the labor of guiding, the teeth do not follow the slight irregularity of the surface of the ground, for, when either the front or rear wheels pass over a slight elevation, the teeth are necessarily drawn partly out of the earth, which increases the resistance, and renders the operation on the soil less perfect; but, by my improved arrangement all these difficulties are avoided, and, as I employ large wheels, which extend considerably above the upper surface of the frame, by turning the whole implement upside down, it answers the purpose of a cart, in going to or from the field." The patentee described the teeth as seven in number, arranged in two straight rows, three in one row and four in the other, the points of the three teeth being in front of the line of the wheels, and the points of the

four teeth being behind the line of the wheels; the teeth being twelve inches in perpendicular height and fourteen inches long and curving forward, and so disposed that no two should work in the same furrow; the horses being attached to a tongue. The patentee's claim was as follows: "What I claim as my invention, and desire to secure by letters patent, is the arrangement of the teeth in two rows, in combination with a pair of wheels the treads of which are in a line midway between the points of the two rows of teeth, substantially as described." The defendants [Reuben S. Torrey and Hiram Torrey] were manufacturing and selling, within the plaintiff's territory, cultivators which the bill claimed to be the same thing as Ide's. In the defendants' cultivator there were but two wheels, no guiding handles, and seven teeth, the points of three being in front of the wheels and the points of four behind. But the defendants threw the axle of the wheels forward and the hind teeth backward so far that the tread of the wheels was not midway between the points of the two rows of teeth, and, by thus increasing the leverage behind, reduced the strain on the horses still more. They also moved forward the middle tooth of the forward three and the two middle teeth of the four behind, so that the two rows were no longer straight.

Samuel Blatchford, for plaintiff.
Alvah Worden, for defendants.

THE COURT held that the defendants' cultivator was an infringement of Ide's; that the defendants were using the principle and substance of Ide's invention, merely carrying it out further in practice than he had done when he took out his patent; and that the defendants' form of construction was not in law even an improvement on Ide's, because it was only the result of practical experience in the use of Ide's, and involved no invention beyond what was embodied in Ide's and was clearly set forth in his specification.

The defendants' counsel asked that the injunction be stayed on the defendants' giving security to the plaintiff for his damages and rendering a periodical account of their sales of cultivators. This application was based on the fact that the defendants were men of pecuniary responsibility. But THE COURT refused the application, on the ground that the infringement was clear and the right to the injunction manifest. Injunction ordered.

NOTE. In the case of Chamberlain v. Ganson, argued at the same time, which was a motion for a provisional injunction for an infringement of the same patent, the defendant's cultivator was like that of the Torreys, except that it had the middle tooth of the forward three set back instead of forward, thus bringing the points of two teeth forward of the wheels and the points of five teeth behind the wheels. An injunction was granted in this case also.