POTTER (UNITED STATES v.). See Cases Nos. 16,075–16,078.

POTTER (WATT v.). See Case No. 17,291.

## Case No. 11,341.

POTTER et al. v. WHITNEY.

[1 Lowell, 87;[1] 3 Fish. Pat. Cas. 77.]

Circuit Court D. Massachusetts. May, 1866.

INJUNCTIONS IN PATENT CAUSES — HEARING UPON EX PARTE AFFIDAVITS—TITLE AND INFRINGEMENT.

1. As a general rule, if the plaintiff in a patent case in equity has made out a clear title, and the question of infringement presents no difficulty, an injunction will be granted.

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission.]

2. The hearing is had upon ex parte affidavits, and if the questions are difficult and complicated, especially if they involve disputed facts which have never been passed upon by a court or jury, then, although the court may be inclined to think the complainant is right, yet it will not interfere at this stage of the cause, whether the questions relate to title or infringement.

3. And even where the title is clear and the infringement clear, yet if there are peculiar circumstances which show that the defendant's interests would be very injuriously affected, while those of the plaintiff would not be so affected, an injunction may be refused.

[Cited in Eastern Paper-Bag Co. v. Nixon, 35 Fed. 754; Southwestern Brush Electric Light & Power Co. v. Louisiana Electric Light Co., 45 Fed. 896.]

4. There is always an element of discretion entering into the consideration of the question, and all that a complainant is entitled to is the best judgment of the court upon a question of judicial discretion, and not to an absolute injunction on any given state of facts.

[Consolidated Roller-Mill Co. v. Coombs, 39 Fed. 804.]

5. Although it is the duty of the judge in every case of this nature, where the defendant has not been a party to any former suits, to examine the case anew, and to exercise his discretion upon the questions presented, yet when the questions are in fact the same as in the former cases, he cannot but admit those decisions as having great weight,—as much as in any other case in which the point in controversy has been passed upon and decided.

[Cited in McWilliams Manuf'g Co. v. Blundell, 11 Fed. 422.]

6. Maynard's primer would not be likely to suggest even to an ingenious mechanic, and did not in fact suggest to Wilson his improvement, and the latter was patentable notwithstanding the prior existence of the former.

[Cited in Johnson v. McCabe, 37 Ind. 539.]

This was a motion [by Orlando B. Potter and others] for a provisional injunction, to restrain defendant [Washington Whitney] from infringing letters-patent for "improvement in sewing-machines" granted to Allen B. Wilson, November 12, 1850 [No. 7,776], reissued January 22, 1856 [No. 346], and extended for seven years from November 12, 1864. See Potter v. Holland [Case No. 11,330]. The defendant was manufacturing and selling single-thread sewing-machines, in which the cloth was advanced by a sliding-presser foot, provided on the lower side with serrations pressing the cloth against the table or platform on which it rested.

B. R. Curtis, George Gifford, and E. L. Sherman, for complainants.

Joel Giles, F. A. Brooks, and L. A. Jones, for defendant.

LOWELL, District Judge. The principles which govern courts in granting or refusing preliminary injunctions in patent cases are well established. As a general rule, if the plaintiff has made out a clear title, and the question of infringement presents no difficulty, an injunction will be granted. The hearing is had upon ex parte affidavits, and if the questions to be decided are difficult and complicated, especially if they involve disput-

ed facts which have never been passed upon by a court or jury, then, although the court may be inclined to think the complainant is right, yet it will not interfere at this stage of the cause, whether the questions relate to title or to infringement. And even when the title is clear, yet if there are peculiar circumstances which show that the defendant's interests would be very injuriously affected by an injunction, while those of the plaintiff would not be so affected by refusing it, it may be refused. Such were the cases of Howe v. Morton [Case No. 6,769], decided by Judge Sprague, and the burring-machine case, —Morris v. Lowell Manuf'g Co. [Id. 9,833],— which came before me; in both of which the patent was about to expire, and the defendant's business would be very seriously interfered with for the few weeks that the exclusive right would remain in force, only to be resumed again immediately afterward at great expense and loss. There is, therefore, always an element of discretion entering into the consideration of this question, and all that a complainant is entitled to is the best judgment of the court upon a question of judicial discretion, and not absolutely to an injunction on any given state of facts. The present case does not present any peculiar features of hardship, nor any difficult question of infringement, and depends only on the validity of the patent.

These cases being tried, as I have said, on ex parte evidence, must be decided on broad views of the rights of the parties. It is usual to present proof, either of long and general acquiescence in the plaintiff's exclusive rights, or of their having been sustained by the courts. The ground on which acquiescence is important is that it shows exclusive possession, which, if it has been of long standing, open and notorious, is a clear foundation of a presumption of title. It is not always, however, so satisfactory as positive adjudications, because it may have arisen from the comparatively small commercial value of the invention, and in that case shows only that no one has thought it worth infringing.

In the present case it is in evidence, and is not denied, that very many suits have been brought upon this patent, every one of which has been decided in favor of the patentee. Two of these, one at law and one in equity, were carried as far as they could be carried in the circuit courts for the second circuit, and a final judgment and decree were given upholding the patent. Of the numerous injunctions, many were granted after argument and careful deliberation. I cannot say that this extensive litigation shows a general acquiescence in the inventor's rights, excepting in the sense that the decisions of the circuit courts have been acquiesced in; but the result of the suits shows a great unanimity of opinion among many judges, including the presiding judges of this court, in favor of the patent.

Although it is the duty of the judge in every case of this nature, where the defendant has not been a party to any former suits, to examine the case anew, and exercise his discretion upon the questions presented, yet when the questions are in fact the same as in former cases, he cannot but admit those decisions as having great weight, as much as in any other case, arising, for instance, in admiralty or at common law, in which the point in controversy has been passed upon and decided.

Upon a careful examination of the case and of the several opinions furnished by counsel, I am not prepared to say that I dissent from the conclusions reached in those cases. One new point has been raised before me, founded upon a machine not given in evidence in any former trial, and which, it is argued, anticipates the plaintiff's invention. This is the Maynard primer, a patented improvement in guns and pistols. On examination of that machine, it appears that Maynard pushed forward his priming paper or pasteboard in a mode which bears a considerable resemblance to the feed-motion by which the plaintiff advances cloth to the needle in his sewing-machines. But the contrivance, as found in the fire-arm, is combined with two devices essential to the proper operation of that machine, and the absence of which is essential to the operation of the plaintiff's machine.

If the holding-spring and the channel are both removed from the primer, it is useless as a primer, but might probably feed cloth; but Maynard never did remove them; and it is shown that his contrivance would not be likely to suggest, even to an ingenious mechanic, and did not in fact suggest to Wilson his improvement; and even if it had, I cannot see why the new arrangement would not be patentable. The third claim of this patent has been repeatedly held to be good, notwithstanding the earlier patent of Howe; but as this point has been reargued with a good deal of earnestness, I may say, that it appears to me, that Howe's feeding surfaces are not substantially like those of Wilson, because his bar "X" aids in the feeding, so far as it is a stripper, but no farther, while Wilson's upper surface assists in moving the cloth forward as well as in stripping it.

Under our practice, the defendant in a suit in equity upon a patent, can bring the case to final hearing; and, if the decision is against him, can appeal to the supreme court. It was intimated at the argument, that this defendant might desire to avail himself of this right. He can do so, of course, and is not precluded nor prejudiced by the fact that other defendants have not chosen to do so; and it may be that he can show a different state of facts, or obtain a new construction of the patent on the final hearing here. But, as the case now stands, he does not deny the validity of the second

claim of the patent, nor that he has infringed that claim; and the only ground on which he defends against the injunction, is that the other three claims are too broad, and ought to have been disclaimed or limited by the patentee or his assigns; and that until this is done, an injunction should not be granted for an infringement of the valid claim; and that if the patentee has unreasonably neglected to do this his patent is void.

I do not think that these claims are too broad; but even if I did, I should hesitate to say that the patentee had been negligent in filing a disclaimer, in respect to a patent which has been repeatedly and uniformly upheld by the courts.

Upon the case as presented, I must grant the application.

Injunction ordered.

[NOTE. For other cases involving this patent, see Potter v. Wilson, Case No. 11,342; Potter v. Muller, Id. 11,334; Potter v. Schenck, Id. 11,337; Potter v. Davis Sewing Mach. Co., Id. 11,324; Potter v. Empire Sewing Mach. Co., Id. 11,326; Grover & Baker Sewing Mach. Co. v. Sloat, Id. 5,846; Potter v. Holland, Id. 11,330; Potter v. Fuller, Id. 11,327; Potter v. Holland, Id. 11,329; Potter v. Muller, Id. 11,333; Potter v. Stevens, Id. 11,338; Potter v. Mack, Id. 11,331; Potter v. Crowell, Id. 11,323; Burdell v. Denig, Id. 2,142, 15 Fed. 397, and 92 U. S. 716; Burdell v. Comstock, 15 Fed. 395; Florence Sewing Mach. Co. v. Singer Sewing Mach. Co., Cases Nos. 4,884, 4,885; Wilson v. Barnum, Id. 17,787.]