McWILLIAMS MANUF'G CO. v. BLUNDELL.

*(Circuit Court, D. Rhode Island.   February 24, 1882.)*

1. REISSUE—OMISSION NOT TO DEFEAT RIGHT.
    The omission of an unimportant part of the machine, not a necessary or material part of the combination, the machine working equally well without it, will not defeat a reissued patent.   There is nothing in the policy or terms of the patent act which forbids the omission of a part of the original invention.

2. PRIOR USE—PATENT NOT INVALIDATED.
    Where the prior use is several months after the invention, the patent will not be thereby invalidated.   The time of the discovery and not of the application for a patent governs.

3. OWNERSHIP—PARTNERSHIP PROPERTY.
    Where a patent was taken out in the individual name of one of the partners of a firm, and was never assigned to the firm, no claim can be made to the patent by the firm.

4. PRIOR USE—DEFECTIVE PATENT.
    Prior use under a defective patent will not authorize the use of the invention after the issuance of a renewed patent.

5. SAME—ACQUIESCENCE NOT INFERRED.
    A patentee is not obliged to proceed against all infringers at the same time, and acquiescence will not be inferred from his neglect to do so.

6. ACQUIESCENCE OF THE PUBLIC.
    Public acquiescence is important only to show exclusive possession by the patentee, and thereby create a presumption of title; but positive adjudication of title is superior to public acquiescence.

7. INJUNCTION.
    Where the evidence of infringement is clear, and the patent is valid, injunction should not be refused because the defendant offers to give bond and security to pay any damage awarded against him.

In Equity.   Motion for a preliminary injunction.

*Daniel Ballou,* for complainant.

*Wm. W. Douglas,* for defendant.

COLT, D. J.   The complainant having acquired title by assignment to a certain patent issued August 3, 1869, to John McWilliams, and reissued March 23, 1880, for an improvement in die-holders for screw-presses used largely in the manufacture of jewelry, asks that an injunction may issue against the defendant for an alleged infringement.   The old use of wedges to secure dies in the holder being subject to serious objections, this invention of McWilliams aims to overcome them.   It consists in the use of a sliding clamp-piece moving in a slot, arranged to adjust itself to the die, being forced against it by turning a screw inserted in one end of the holder.   In the original patent we find described a pin connecting the moving clamp-piece

with the screw. In the reissued letters patent, under which the complainant brings suit, while the specification sets out that such a connecting pin may be used, the claim seems to contain no reference to it as constituting a part of the invention.

Practically, it was found that the pin was useless, and the holders were consequently made without it. The defendant, in the die-holder alleged to be made by him, leaves out this pin, and in consequence denies any infringement, upon the ground that he uses less than all the elements of the combination in the McWilliams patent. In other respects his die-holder appears identical with that of McWilliams. We do not think the omission of the pin protects the defendant. Whether it is claimed in the re-issue or not we do not deem important, because in our view it is not a necessary or material part of the combination—the machine works equally well without it. At most, it is a simple, subordinate thing, that might or might not be used, with little or no effect upon the result. In appearance, substance, and principle the die-holder sold in the market and marked H. Blundell & Co. is like that made under the McWilliams patent.

Another ground of defence is that the reissued patent, by enlarging the scope of the original invention, is not for the same invention, and is therefore void; the counsel citing the recent case of *Miller* v. *Brass Co.* Sup. Ct. Oct. term, 1881. The main purpose of the reissue seems to have been to describe the invention more clearly, and in greater detail. The only other difference we can find is that while the claim in the original patent mentions the screw as being connected to the sliding piece, probably referring to the pin, no reference to any such connection is found in the claim in the reissue. The most, therefore, that can be urged is that the claim in the original embraces more than the claim in the reissue. We have already said that the omission of the pin does not seem to us to constitute an essential or material change. But even if this were not so, there is nothing in the policy or terms of the patent act which forbids the omission of a part of the original invention from the reissued patent. *Carver* v. *Braintree Manuf'g Co.* 2 Story, 432; *Boomer* v. *Power-press Co.* 13 Blatchf. 107; *Knight* v. *Railroad Co.* 3 Fish. 1; *Chicago Co.* v. *Busch,* 4 Fish. 395; *Parham* v. *Sewing Machine Co.* Id. 468; Bump, Law of Patents, 186.

The reasoning of the supreme court in *Miller* v. *Brass Co.* is applicable to cases of the enlargement of a patent in the reissue, and where it is for a different thing. In that case, in the original patent two domes or reflectors, with other devices, were used in a lamp as a

means of dispensing with a chimney, while in the reissue one dome was used, with a new element, namely, a chimney, added. Mr. Justice Bradley observes: "It is not only obviously a different thing, but is the very thing the patentee professed to avoid and dispense with."

The defendant further undertakes to prove by affidavits that McWilliams is not the original inventor of the die-holder. But the difficulty is that the time when his evidence fixes the prior use is several months after the time of the invention as sworn to by McWilliams and another, and it is well settled that it is the time of the discovery, and not of the application, which governs. Nor is the position taken by the defendant, that he is the owner of the patent, supported by sufficient proof. It appears that the patent was taken out when he and McWilliams were in partnership; that the expenses incident to the issue were paid by the firm, and the patent used for the benefit of the firm while the partnership lasted, and that afterwards all the firm property was sold to him. He now swears that this invention was considered as partnership property, and that consequently he became the owner by this transfer. In view, however, of the fact that the patent was taken out in the individual name of John McWilliams, August 3, 1869, and so far as appears was never assigned in writing to the firm, but was transferred April 23, 1877, by written assignment, afterwards recorded, to the McWilliams Manufacturing Company, and of the other evidence, the defendant is far from making out his claim of ownership. Nor do we see any reason for refusing an injunction in case it is warranted upon other grounds, because the defendant testifies that he is only carrying on business as agent for William H. Blundell, who, it seems, is his son. The die-holders complained of, and which are sold in the market, are labelled Henry Blundell & Co., and the evidence points to the defendant as the principal person engaged in their manufacture. If he is not the real maker he can be little injured by any restraining order. If he is the real maker the addition of the word "agent" should not protect him.

The defendant further contends that there has been an acquiescence for years on the part of McWilliams and his assignee in his use of the patent. We must remember, however, that the reissued patent was not granted until March, 1880, and that no prior use under the defective patent can authorize the use of the invention after the issuing of the renewed patent. *Stimpson* v. *Westchester R. Co.* 4 How. 380; *Hussey* v. *Bradley*, 2 Fish. 362; *Howe* v. *Williams.* 2 Fish. 395.

In April, 1880, within a month after the reissue, suit was brought in this court by the complainant against Stephen T. Willetts for infringement, and answer made. At the June term, 1881, a decree was entered establishing the validity of the reissued patent, and enjoining the defendant. The fact that the judgment was obtained without resistance does not, in the absence of collusion, make it less stronger evidence of the patentee's rights. *Orr* v. *Littlefield*, 1 W. & M. 13; *Grover & Baker Co.* v. *Williams*, 2 Fish. 133; *Potter* v. *Fuller*, 2 Fish. 251.

As this suit followed soon after entering the decree in the *Willetts Case*, the complainant can hardly be charged with acquiescence. A patentee is not obliged to proceed against all who infringe at once, and he is not guilty of acquiescence for not so doing. *Van Hook* v. *Pendleton*, 1 Blatchf. 184.

To the allegation of the defendant that the public have not acquiesced in the invention, it is a sufficient answer to observe that the ground upon which such public acquiescence is important is that it shows exclusive possession by the patentee, and thus creates a presumption of title; and that in this respect positive adjudication, which we have here, is often more satisfactory than acquiescence. *Potter* v. *Whitney*, 3 Fish. 77; 1 Low. 87.

In this case the infringement seems clear, and, upon the evidence submitted, the patent is valid; therefore the injunction should not be refused because the defendant offers to give bond with surety to pay any damage awarded against him. *Tracy* v. *Terry*, 2 Blatchf. 275; *Tilghman* v. *Mitchell*, 4 Fish. 615; *Gibson* v. *Van Dresar*, 1 Blatchf. 532.

The motion is granted.