## EARLL v. ROCHESTER, S. & E. R. CO.

(Circuit Court, N. D. New York. November 25, 1907.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction against infringement of a patent will usually be denied, where its validity is denied and has not been established by prior adjudication or by long acquiescence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 474–477.

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

2. SAME—PRIOR ADJUDICATION—CONSENT DECREE.

A decree adjudging the validity and infringement of a patent signed by the judge without a hearing or reading of the evidence, by consent of the parties, is not such an adjudication as constitutes a proper foundation for the granting of a preliminary injunction in a suit against a different defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 487.]

Motion for preliminary injunction to restrain alleged infringement of United States letters patent No. 476,028, dated May 31, 1892, and issued to Melvin A. Yeakley and Robert A. Robertson for "Safety Attachment for Railway Trolleys." Yeakley was the alleged inventor, and assigned a one-half to Robertson. Earll is assignee of the patent, and his title is not seriously questioned.

Redding, Kiddle & Greeley, for complainant.

Nottingham & Nottingham (Edward R. Alexander, of counsel), for defendant.

RAY, District Judge. The Yeakley patent, infringement of which is alleged, discloses merit and utility. If valid, and infringed by defendant, a preliminary injunction should issue, otherwise it should be denied. In determining the validity of a patent, on motions of this character, the court or judge is usually controlled to quite an extent, if not to a large extent, by prior adjudications, and by long acquiescence or long nonacquiescence. If there is found neither prior adjudication nor long acquiescence in the validity of the patent in suit, and its validity is denied, and not clear, this usually requires a denial of the motion, for it is not wise to determine the validity of a patent on conflicting affidavits, when the court can and does see that a fair question is presented for its determination. In this case it cannot be said there has been long general acquiescence in the validity of the patent in suit, or any prior adjudication of its validity, that should control the court on this motion. Until quite recently, comparatively, there has been little use for the device covered by this patent. There has been but one adjudication in the courts. In that case there was no final hearing. It was a suit against another party—one in no way privy to the defend-

ant here—and after the evidence had been closed, printed, and the case noticed for final hearing, the defendant announced by his counsel that he was satisfied he could not maintain his defense, alleging the invalidity of the patent, or successfully deny infringement, and thereupon consented to a decree adjudging that the letters patent are valid, and had been infringed by the defendant in that action, which decree was entered accordingly. The court did not read the record, or pass upon the questions involved, except in the way stated—by signing a consent decree. The high standing and character of defendant's counsel in that case gives weight to his conclusions, of course, but his conclusions were not, and are not, those of the court, except as it was its duty to sign a decree to which all the parties then consented. I cannot regard such a decree, signed by the judge, such a "prior adjudication" of the patent as is referred to in the decided cases. I think this conclusion is strengthened, not weakened, by what is said on the subject in Walker on Patents (4th Ed.) p. 527, § 672; 3 Robertson on Patents, p. 587, § 1184; Potter v. Fuller, Fed. Cas. No. 11,327 (N. Y., Nelson and Smalley); Orr v. Littlefield, Fed. Cas. No. 10,590 (Woodbury, C. J.); McWilliams Mfg. Co. v. Blundell (C. C.) 11 Fed. 419.

Taking the statement of Walker on Patents, supra,

"A consent decree in a patent case can never be a proper foundation for a right to a preliminary injunction against third persons; unless it appears from the nature of the patented thing, or from convincing evidence, that the defendant consented to the decree because his defense had become hopeless, and not because it had become inexpedient regardless of its strength"—

as a correct exposition of the law, we lack affirmative evidence that defendant consented to the decree in the case referred to, because his defense had become hopeless. It is assumed that defendant's counsel so believed, and that he acted accordingly, but affirmative evidence that the defense was hopeless must be obtained from some source other than the belief and action of a solicitor of this court, however high his character and standing. It is common knowledge that the honest opinions of counsel are frequently overruled and disregarded by the courts, and that the solemn and honest decisions of the courts themselves, made after a careful consideration of the record, are frequently overruled on appeal to a higher court. No court is exempt from this fate except that of last resort, and even here we have found the decision made by the court one year disregarded or overruled at a later date. It seems to me we must look to the proofs now before this court bearing on the character and strength of the patent, and to the patent itself, for the convincing evidence that the defense in the case alluded to had become hopeless. This is but a return to the question, always decisive, is the patent so plainly valid, and is the evidence of infringement so conclusive, that the court, to which the application for a preliminary injunction is made, has no substantial doubt on either proposition?

In Fuller v. Gilmore (C. C.) 121 Fed., at page 129, Lacombe, C. J., said:

"Defendant calls attention to the circumstance that the patent has never been adjudicated, and is of such recent date that long acquiescence cannot be shown as sufficient ground for refusing preliminary injunction. The prac-

tice referred to is followed in this circuit, but only in cases where there is some question as to the validity of the patent. When the specification shows that—assuming facts of common knowledge—it will probably need some affirmative evidence to indicate the presence of invention, or when some testimony put in by defendant as to the prior state of the art, slight though it be, indicates that there may be some arguable question as to validity, or as to a construction of the claims broad enough to cover the device complained of, then preliminary injunction on affidavits is refused. But where the patent appears to be novel, useful, and ingenious, and there is no evidence at all assailing its validity, the presumption arising from issue of letters patent will be sufficient to warrant injunctive relief. The same rule should apply where the sole evidence as to prior art is wholly unpersuasive."

The defendant here most strenuously denies that the Yeakley patent is a pioneer as alleged by the complainant. It is claimed, and the file wrapper is put in evidence as proof, that Yeakley deliberately waived to Van Depoele, Wood, and Parsons any and all right to pioneership in this art, and any and all right to broad and generic claims. At least, there is some evidence to sustain this contention, the weight and force of which this court will not pass upon at this time. The defendant claims that the Wood patent, No. 471,206, anticipates the Yeakley patent and also denies infringement, and offers some testimony in support of both alleged defenses. He also alleges laches as a defense in equity, and presents evidence on that subject. I have gone over all the affidavits and exhibits presented, and, without intimating or having in mind what the decision should be on a final hearing—assuming the proofs will then show precisely the same facts presented by the affidavits used on this motion—have arrived at the conclusion that the granting of a preliminary injunction could not be sustained on appeal if granted here. I am by no means convinced that the state of the prior art shows want of patentable invention, or that Yeakley abandoned or surrendered his claim as a pioneer in the patent office, or that laches sufficient to defeat the action has been shown, or that infringement has not been shown, but, under the decisions of the circuit court of appeals, and that of the learned judge quoted, I must hold that some evidence has been adduced on all these questions, and especially that whether the Yeakley patent is entitled to a construction broad enough to cover defendant's device, all of which has some persuasive force.

Having arrived at this conclusion it is my duty to regard the decisions of the higher courts, and deny the motion.