## STEINFUR PATENTS CORPORATION v. PHILIP SINGER & BRO. et al.

District Court, S. D. New York.
Aug. 21, 1930.

Edward M. Evarts, of New York City, for the motion.

Alexander A. Mayper, of New York City, opposed.

WOOLSEY, District Judge.

This motion is denied.

The plaintiff's counsel, however, may present to me for signature a calendar order putting this case down for trial on the day calendar for the first day of the October, November, or December equity term, 1930, according to his choice.

I. This motion is made on two patents which have been sustained by Judge Campbell. Stein Fur Dyeing Co., Inc., v. Windsor Fur Dyeing Co., Inc. (D. C.) 31 F.(2d) 128.

For the purposes of this motion, therefore, the question of the validity of these patents was not under discussion. The sole question argued was the question of infringement.

II. The basis on which preliminary injunctions in patent cases are granted was admirably stated long ago by Judge Lowell in Potter et al. v. Whitney, 19 Fed. Cas. page 1191, No. 11341. There he said:

"The principles which govern courts in granting or refusing preliminary injunctions in patent cases are well established. As a general rule, if the plaintiff has made out a clear title, and the question of infringement presents no difficulty, an injunction will be granted. The hearing is had upon ex parte affidavits, and, if the questions to be decided are difficult and complicated, especially if they involve disputed facts which have never been passed upon by a court or jury, then, although the court may be inclined to think the complainant is right, yet it will not interfere at this stage of the cause, whether the questions relate to title or to infringement."

III. Philip Singer, one of the defendants, in his replying affidavit, verified August 5, 1930, summarizes the position of the defendants thus at pages 6 and 7:

"In my answering affidavit, (verified July 3, 1930) I state clearly I think, that I 'never bleached and dyed the skins described in the plaintiff's process patent', (page 12); and at page 13, I show that our process is different from plaintiff's patent in that we bleached those skins and then mordanted them by a century old method, using ferrous salts, and then immersed in the dye.

"If it is not clear from these statements that we did not place these skins in any solution of ferrous sulphate before or during the act of bleaching, then I wish to make that statement as the fact so there will be no misunderstanding about it.

"In other words, when we used ferrous sulphate as a mordant on these skins, we did what Austin, one of the patentees, admitted is customary."

Here I find a categorical denial of the truth of the plaintiff's claim that the defendant uses the plaintiff's patented process, and, consequently, that the product is the plaintiff's patented product.

Possibly if the parties had testified before me, viva voce, and I had had a chance to judge of the truthfulness and candor of the witnesses, I might not believe this denial. But on affidavits I am met by an impasse.

IV. The assistance to the plaintiff's case that might have been looked for from the man who was the plaintiff's principal expert in the case before Judge Campbell above mentioned, and who made the principal expert affidavit (verified May 22, 1930) for the plaintiff on this motion, has been destroyed by the extraordinary fact that he has deserted the plaintiff and made an affidavit (verified June 30, 1930) for the defendant in which he explains away, as far as he can, the affidavit which he gave to the plaintiff.

This action on the part of the plaintiff's chief expert, based according to the papers on venal motives, destroys to a large extent, in my opinion, his value as an expert before this court in this case. Loyalty pendente lite to the party by which he is first engaged is the minimum requirement expectable of an expert, whatever the emoluments may be which are offered to him by the opposing party.

V. I must, in view of the unusual situation before me, therefore, hold that, notwithstanding the impression of lack of frankness which seems to pervade the defendants' affidavits—due perhaps to the alleged secret process which they guard so jealously—the plaintiff has not proved infringement of its process patent or its product patent clearly enough to warrant my giving it a preliminary injunction.

In a recent case decided by me, Elliott Addressing Machine Co. v. Wallace Addressing Machine Co., Inc., 39 F.(2d) 233, on evidence very much clearer than the evidence here, of infringement of a much adjudicated chemical patent, I granted a preliminary injunction and was reversed on appeal. Elliott Addressing Machine Co., Inc., v. Wallace Addressing Machine, Inc., 43 F.(2d) 949.

A prompt trial on the merits should serve the plaintiff's purposes quite as well as the interlocutory relief sought on this motion.

The plaintiff is clearly entitled under the circumstances to a preference, and, accordingly, a calendar order along the lines above indicated will be entered forthwith if the plaintiff requests it.

Settle orders on two days' notice.