## BLESSING v. GORDON TEXTILE CO., Inc., et al.

District Court, S. D. New York.
Sept. 5, 1939.

Marshall & Hawley, of New York City, for plaintiff.

Herman Seid, of New York City, for defendants.

CONGER, District Judge.

Motion for preliminary injunction in a patent infringement suit.

Courts should be very careful in granting preliminary injunctions of this type. It is, in effect, pre-judging the case upon the merits, upon affidavits. In order to grant this preliminary injunction, I have to assume that the patent of the plaintiff is valid. In determining the validity of a patent, the court is usually controlled to a large extent, by prior adjudications. Plaintiff urges prior adjudication of this patent and the validity thereof in the case of L. G. Blessing v. Consolidated Trimming Corporation, D.C., 26 F.Supp. 112, 113, and urges that in that case "that defendant did everything within its power to 'challenge the validity of claims 3, 4, 7, 8, 9 and 10' of the patent in suit." Plaintiff urges that in that suit the validity of the said claims 3, 4, 7, 8, 9 and 10, was passed upon and declared to be valid. If that were so, I would not hesitate to issue the injunction asked for herein. However, a careful reading of the decision of Judge Woolsey in the above case (Blessing v. Consolidated Trimming Corporation, supra) discloses the following statement by the Judge:

"My judgment in this cause is—

"1. That Claims Nos. 3, 4, 7, 8, 9 and 10, of which the validity was not questioned, were infringed by the defendant."

And again, the Court stated: "VI. The defendant does not challenge the validity of claims, Nos. 3, 4, 7, 8, 9 and 10, but does challenge the question of its infringement thereof."

So that, it would appear to me that any judgment based upon said opinion as to these claims would be in the nature of pro confesso, as far as validity is concerned.

It is therefore clear to me that the Consolidated Trimming case can be no basis for the relief on this motion. Whether or not the defendant will sustain the defense of invalidity is a matter for trial on the merits. Earll v. Rochester, S. & E. R. Co., C. C., 157 F. 241.

The defendant, in his affidavit, states that he intends to strenuously challenge the validity of the patent in suit.

Motion denied. Settle order on notice.